## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

United States Patent
Model Foundation et al.

v.

City of Alexandria,
Human Rights Commission

September 14, 1995

Case Nos. (Chancery) CH941372 and CH950306

BY JUDGE ALFRED D. SWERSKY

By the appeal of a decision of the Human Rights Commission, United States Patent Model Foundation (Foundation) and J. Morgan Greene call into question the Commission's authority to award back pay as "damages"; violation of their right to a trial by jury; violation of their right to due process of law; whether Greene is a proper respondent; and the lack of factual bases for the Commission's findings. Intervenors have petitioned for review of the Commission's denial of their request for counsel fees.

Because the Court finds that the Commission lacks the statutory authority, expressed or implied, to award back pay, the matter is remanded to the Commission for further proceedings in accordance with this opinion.

The Commission claims that authority existed for the awarding of "equitable monetary relief" prior to the enactment of the Virginia Human Rights Act (Code of Virginia §§ 2.1-714, et seq.). This statute, providing the authority to localities to create human rights commissions, expressly bars commissions from awarding damages (§ 2.1-720(14)). Under Virginia's Dillon Rule, this would normally foreclose further argument; however, the legislature expressly "grandfathered" existing commissions, reserving to them "such additional powers as may have been granted heretofore." (§ 2.1-724.)

The Alexandria Commission, existing prior to the enactment of the statute, claims legislative authority existed to award back pay as "equitable monetary relief." The bases for the claim are Alexandria City Ordinance § 12-4-15 and § 12-4-3. Section (a)(1) of 12-4-15 uses the term

"penalty" in referring to the type of complaints the Commission may deal with; and § 12-4-3(b)(2), in a declaration of policy, provides that it is the duty of the City "to protect the city and its citizens from such conditions and from the undesirable results that have been or may be caused or encouraged by the existence of such conditions."

Further, the Commission argues that it has consistently interpreted its power to include back pay and other retroactive remedies and that the City Council has "legislatively acquiesced" in this interpretation.

Thus, argues the Commission, the Dillon Rule does not bar the Commission from making such an award, and that back pay constitutes a reasonably selected remedy.

While the legislation is remedial in nature and should be interpreted broadly so as to give effect to its goals, courts should not strain the interpretation to reach what may be a socially-justifiable goal. Nowhere does the Alexandria City Ordinance mention the award of damages, equitable relief, nor the imposition of fines or other punishments as within the powers of the Commission. The Court should not have to search the legislation to somehow divine legislative intent where it is not clear nor clearly implied from the act itself. Here the legislative intention was to provide investigation, conciliation, mediation, and resolution of complaints. The Commission lacks subpoena power (§ 12-4-15(17)(b)) and other powers commonly associated with adjudicatory bodies and must even request the City Attorney to institute court proceedings if it believes injunctive relief is appropriate (§ 12-4-22).

No adequate history of agency interpretation having been shown, the Commission's reliance on legislative acquiescence is misplaced and is not persuasive.

Since the Commission lacked the authority to award back pay as a form of relief, the matter will be remanded for further proceedings.

Petitioners' claim that they have been denied their right to a jury trial will be denied as moot. Likewise, their claim that their due process rights have been violated by actions of the Agency and the Administrator will be denied. The City Code and the Commission's rules of procedures provide adequate protection of Petitioners' due process rights. The conduct of the Commission and the Administrator complained of by Petitioners does not amount to the denial of any of Petitioners' constitutional rights.

Petitioners' claim that the record does not support the findings of the Commission will be denied. There is ample support in the record for the

Commission's findings of sexual harassment, a hostile work environment, and constructive discharge.

Further, Petitioners'-Intervenors' claims for attorney's fees will be denied. The Commission has no authority to award attorney's fees, and, while the record suggests vigorous defenses by the Foundation and Greene, there is nothing in the record to support Intervenors' claims of bad faith.

The remaining issue is whether or not Greene is a proper respondent. The record is insufficient for the Court to determine Mr. Greene's status, and the Commission may, if it so chooses, hear further evidence on the corporate status at the time of the offensive conduct and whether or not the reinstatement of the corporation was done in bad faith to shield Greene from liability in these proceedings. In view of the Court's rulings on other issues, this question may well be moot, but the Commission may pursue the matter further if it desires.